## CARLOS B. CURTIS vs. CHARLES A. ALVORD.

*R and A entered into an agreement by which R was to apply for and use all practicable means to obtain a patent for an invention which he had made, the letters patent to be issued in their joint names; in consideration of which A was to pay him $125 on the execution of the agreement and $175 at the time of the issuing of the patent. A paid the $125 when the agreement was signed, and R at once applied for the patent; but before it was issued a creditor of R factorized A as his debtor. Held that there was at the time no indebtedness of A to R.*

*A garnishee stands no worse in a factorizing suit than if he had been sued by his creditor.*

SCIRE FACIAS upon a process of foreign attachment; brought by appeal from a justice of the peace to the Court of Common Pleas in Fairfield County, and tried to the jury on the general issue before *De Forest, J.*

The defendant and one Joseph A. Rand entered into the following agreement on the first day of February, 1876.

"This agreement between Joseph A. Rand, party of the first part, and Charles E. Alvord, party of the second part, witnesseth—That whereas said party of the first part has invented a music machine or holder, which is new and useful, and has filed a caveat for the same in the patent office at Washington, and is about to make application for letters patent for the same: now, in consideration of the matters hereinafter mentioned, the said party of the first part has covenanted and agreed, and does hereby covenant and agree, to and with said party of the second part, to make immediate application for said letters patent to said patent office, and to use all practicable means to secure the issue of such letters patent, and before the issuing thereof to assign and transfer in writing in due form of law the undivided one-half of said invention and letters patent to said party of the second part, and cause said letters to be issued to said parties jointly and equally. In consideration of which the said party of the second part is to pay said party of the first part the sum of $125 at the time of the execution hereof, and the further sum of $175 at the time of the issue of said letters patent to said

parties; and said party of the first part hereby acknowledges the receipt of said first mentioned sum of $125.

Joseph R. Rand, [seal.]

Charles E. Alvord, [seal.] ”

It was admitted that Alvord paid Rand the $125 at the signing of the agreement, and that Rand had applied for and was seeking to obtain the patent, but that the letters patent had not been issued on the 19th of February, 1876, at which time Alvord was factorized by the plaintiff in the process of foreign attachment against Rand upon which the present suit of *scire facias* was brought. The $175 to be paid at the time of the issuing of the letters patent had not been paid, and the court charged the jury that it did not constitute a debt until the contract had been performed on the part of Rand by the issuing of the letters patent.

The jury having returned a verdict for the defendant, the plaintiff moved for a new trial for error in the charge of the court.

*J. C. Chamberlin*, in support of the motion, contended that the covenants in the agreement were independent, and that it was not necessary therefore to show full performance on the part of Rand; that if they were dependent, yet as the defendant had received a part of the consideration, there could be a recovery against him, with a recoupment of whatever amount would compensate him for the failure of full performance ; that the failure of full performance did not defeat the purpose of the contract; that the provision as to the $175 being paid “ at the time of the issue of the letters patent” merely fixed the time of payment, and that the defendant could be held as garnishee if the debt existed, even though the time of payment was uncertain and future, and the amount to be paid was not yet ascertained.

*W. C. Wildman*, contra.

Pardee, J. This is a *scire facias* brought upon a judgment in foreign attachment, in which Alvord was factorized by Curtis as the debtor of Joseph A. Rand; the defendant had

a judgment for costs in the Court of Common Pleas for Fairfield County; and the plaintiff moves for a new trial.

The question is, was Alvord indebted to Rand on the 19th of February, 1876.

Rand having invented a music holder, agreed, on February 1st, 1876, that he would apply for letters patent thereon and cause them to be issued to himself and Alvord jointly; Alvord paid him $125, and agreed to pay $175 in addition upon the issue of the patent; this had not issued on the 19th of February, 1876, the day of the service of the trustee process.

The rule is that the trustee is not to be placed in a position worse than that which he would occupy if the principal had sued him for the debt.

The plaintiff insists that the covenants in this agreement go to a part of the consideration only, on both sides, and were independent; and that it would not have been necessary for Rand to have proven that the patent had issued to have enabled him to recover; also that if the covenants are dependent, a failure to procure the patent is not such a breach as to bar him from a recovery unless such failure defeats the purposes of the contract; and that the trustee is liable even if the patent had not issued at the time of the service. In *Leonard* v. *Dyer*, 26 Conn., 172, this court adopts the rule stated by Tindal, C. J., in *Stavers* v. *Curling*, 3 Bing. N. C., 355, that the question whether covenants are to be held dependent or independent of each other is to be determined by the intention of the parties as it appears on the instrument, and by the application of common sense to each particular case; to which intention, when once discovered, all technical forms must give way.

In the case before us it is quite plain that the whole value of Alvord's purchase was in the monopoly to be secured by the patent; the mutual covenant concerning this went to the whole consideration; the failure to procure this would entirely defeat his purpose; indeed, the intention of both parties to make the issue a condition precedent to the payment of the $175 finds full and exact expression in the language of the

contract; by its terms Alvord owed no debt or duty to Rand on February 19th, 1876.

The plaintiff further urges, that where a covenant goes only to a part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant without averring performance. But there is no place here for the application of any such rule; the contract is incapable of division; Rand promised to do but one thing, namely, procure the patent; this promise unfulfilled, he had done nothing to entitle himself even to a partial payment; he had not by meritorious service created an indebtedness on the part of Alvord to himself from which a balance would be his due after deducting the damages resulting from his own breach of contract. In truth, he had performed no service, delivered no property, and consequently had no claim, legal or equitable.

We do not advise a new trial.

In this opinion the other judges concurred.