## BAKER & SMITH *v.* EGLIN.

WHERE T. E., for a valuable consideration, promised J. E. to pay his debts to certain third parties, T. E. cannot be made liable to creditors of J. E. by process of garnishment served after his contract with J. E. while such contract continues unexecuted and in force.

APPEAL from Benton County.

*John Kelsay* and *R. S. Strahan* for appellants.

*W. S. McFadden* for respondent.

By the Court, WALDO, J.:

The garnishee in this case was surety on several promissory notes made by his brother, James M. Eglin, as principal, and remaining unpaid, when on the 21st day of June, 1880, Thomas purchased James' interest in the livery stable which they were carrying on as partners, in Corvallis. The consideration for such purchase was the payment of said promissory notes and the partnership indebtedness. Three of said notes remained unpaid when, on the 3d day of July, 1880, Thomas was served with process of garnishment by creditors of James. The question is, whether Thomas is liable to James' creditors to the extent the contract between him and James for the payment of the said notes remained unexecuted at the date of the attachment.

Counsel for the attaching creditors argue, substantially: That Thomas appears on the face of the notes to be a principal, that he cannot show by parol that he was a surety, merely, and consequently that the consideration for the contract fails. They also argue that the holders of the notes cannot sue Thomas on his contract with James; that Thomas' legal liability is to James and not to the holders of the notes, and, therefore, that he is liable here.

23

The rule is, that the attaching creditors, as against the garnishee, acquire the rights of the attachment debtor, and no more. (*Curtis* v. *Alvord*, 45 Conn., 571; *Carpenter* v. *Gay*, 12 R. I., 307; *St. Louis* v. *Regenfuss*, 28 Wis., 144; Drake on Attachment, sec. 672; *Railway Co.* v. *Gates* 10 Or., 515.

Thomas, as between himself and his principal can show by parol that he was surety, merely. (Daniels on Neg. Ins., sec. 1336.) Hence, he can show it as against the attaching creditors.

On the second point, the authorities with us are quite decisive that when A., for a valuable consideration, agrees with B. to pay his debt to C., the latter can enforce the contract against A. (*Campbell* v. *Smith*, 71 N. Y., 26; *Elwood* v. *Moak*, 5 Wendell, 235; *Putney* v. *Farnham*, 27 Wis., 187; *Bassett* v. *Hughes*, 43 Wis., 319; *Joslin* v. *N. J. Car Spring Co.*, 7 Vroom., 141; 28 Minn., 521; 23 Am. Law Register, 1.)

The assent of the third person, for whose benefit the contract is made, will be presumed. (*Rogers* v. *Gosnell*, 58 Mo., 589.) It follows that a legal liability on the part of Thomas in favor of the holders of the notes existed at the date of the attachment, and therefore Thomas was not liable to garnishment. The judgment must be affirmed.

Judgment affirmed.