HOWARD F. MASON

*vs.*

BELFAST HOTEL COMPANY, and TRUSTEE.

Waldo.    Opinion December 18, 1896.

*Taxes.    Trustee Process.    R. S., c. 86, §§ 55, 61.*

In a collector's suit for taxes a school district tax can be joined with the town, county and state taxes.

Rent payable monthly cannot be attached until the complete expiration of the month.

*Rockland* v. *Ulmer*, 84 Maine, 503 ; Id. 87 Maine, 357, affirmed.

ON EXCEPTIONS BY DEFENDANT AND TRUSTEE.

The case appears in the opinion.

*R. F. Dunton,* for plaintiff.

The words "due" and "due absolutely" as used in the statute, do not have the same signification as the word payable, for R. S., c. 86, § 61, provides that any money or other thing due absolutely to the principal defendant may be attached before it has become payable.

The contingency named in the statute is one which may prevent the principal from having any claim upon the trustee or right to call him to account. *Wilson* v. *Wood,* 24 Maine, 123; *Cutter* v. *Perkins,* 47 Maine, 569; *Ware* v. *Gowen,* 65 Maine, 534; *Dwinel* v. *Stone,* 30 Maine, 384; *Rowell* v. *Felter,* 54 Vt. 524.

*Jos. Williamson,* for defendant.

It has been held that causes of action for non-payment of taxes, imposed by different political bodies, could not be joined in the same action; nor for taxes imposed for different periods. Several causes of action, when properly joined, must be separately stated, and must all belong to one class, and affect all the parties to the action. 25 Am. & Eng. Ency. Law, 320.

Counsel cited: *City of Davenport* v. *R. R. Co.,* 38 Iowa, 633; *The People* v. *C. P. R. R.,* 83 Cal. 393; *Nevada* v. *Yellow Jack Mining Co.,* 14 Nev. 221.

Trustee not chargeable: Taylor, Land. and Ten. § 391, and cases; *Atkins* v. *Sleeper,* 7 Allen, 487; Daniel on Neg. Inst. § 1210; *Peterson* v. *Loring,* 135 Mass. 397.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, WISWELL, STROUT, JJ.

EMERY, J. I. It is a recognized principle in suits for taxes that mere irregularities in the previous procedure, which do not work any injustice or hardship to the tax payer, and which he did not seek to have corrected on appeal or certiorari, are not a bar to the suit. *Rockland* v. *Ulmer,* 84 Maine, 503; Id. 87 Maine, 357. The only objection urged against the procedure in this case is that

the collector has joined in his declaration the school district tax with the state, county and city taxes. In *Rockland* v. *Ulmer*, 84 Maine, 503, it was held proper to join the state, county and city taxes in the same action. We do not see why the school district tax may not also be joined. It was assessed at the same time, by the same board of assessors, and was committed to the same collector and in the same warrant. The defendant is not under a separate, distinct obligation to each of the political organizations named. The collector is not suing here as the agent of either organization. He is suing as a single public officer to enforce a single public duty upon the defendant, that of paying the entire tax assessed upon him for all the various public purposes stated.

II. The trustees were tenants to the principal defendants under a written lease. The term was three years "from the thirtieth day of December, A. D. 1893." The rent was "sixteen hundred dollars yearly by equal monthly payments," to be paid "on the first day of each and every month in every year during said term. Each and all payments to be made at the Belfast National Bank." The first service of the writ upon the trustees was made on the thirty-first day of May, 1895, between seven and eight o'clock in the forenoon. At that time the May rent had not been paid to the defendant. The second service of the writ upon the trustees was made on the first day of August, 1895, at half-past twelve in the morning. At that time the July rent was unpaid.

Under our statutes money due absolutely from the trustee to the principal defendant may be attached before it has become payable, but to be so attachable it must be due absolutely and not upon any contingency. R. S., c. 86, §§ 55 and 61.

The first service of the writ was in the forenoon of the last day of the month of May. The month of May had not then expired. The liability of the tenants to pay the rent for May had not then become absolute. It was contingent upon their being undisturbed in their possession and holding throughout the remainder of that day and month. They might after the service of the writ, and before the full expiration of the month, have been evicted under a superior title, or by their own landlords. The May rent, therefore,

was not attachable at that time.    *Wood* v. *Partridge*, 11 Mass. 488 ; *Norton* v. *Soule*, 75 Maine, 385.

The second service of the writ was made after the complete expiration of the month of July.    The July rent had then been fully earned, and was due absolutely.    It was not payable till the close of that day and then only at the Belfast National Bank, but there was no contingency.    The duty of payment was sure to come with the natural efflux of time.    The July rent was therefore attachable. *Ware* v. *Gowen*, 65 Maine, 534.

> *Principal defendant's exceptions overruled.*
> *Trustees' exceptions sustained as to the May rent.*
> *Trustees charged as to the July rent only, $133.33 less their legal costs.*