## THE SAND-BLAST FILE-SHARPENING COMPANY *vs.* ASA S. PARSONS.

Fairfield County, Oct. T., 1886. .PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

The statute with regard to foreign attachment (Gen. Statutes, p. 397, sec. 2,) provides for such attachment " where a debt is due from any person to such defendant." Held that the word " due " is not used in the restricted sense of " payable." There must however be an existing indebtedness.

Where there is a condition precedent to the liability there is no indebtedness.

*P* entered into a contract with *R* by which the latter was to sell for nim licenses to use a patent, which were to be paid for by drafts on New York payable to the order of *P*, *R* to receive a commission on sales within ten days after *P* should receive payment, which commission was to be in full of all his services and expenses. *R* sold licenses to a party who was to pay for them in three installments, each by a draft on New York, in three, six and nine months. The first installment had fallen due and been paid and *R's* share paid him out of the money. Before the next installment fell due or any draft had been given for it,

*P* was factorized as the debtor of *R.* Held that there was no existing indebtedness that could be taken by foreign attachment.

[Argued October 26th—decided December 17th, 1886.]

ACTION of *scire facias* upon a foreign attachment; brought to the Superior Court in Fairfield County, and heard before *Beardsley, J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiffs. The case is fully stated in the opinion.

*J. C. Chamberlain,* for the appellants.

*G. Stoddard* and *W. S. Haviland,* for the appellee.

CARPENTER, J. This is a complaint in *scire facias* upon a process of foreign attachment, alleging that the defendant was indebted to one Ryan at the time the process in the original suit was served. The answer denies such indebtedness. The Superior Court found the issue for the defendant, and the plaintiff appealed.

In May, 1882, the defendant, who was the owner of a patented invention for sharpening files, constituted Ryan his agent on certain specified terms and within certain limits, to sell licenses and shop-rights to use the invention on the line of railroad companies. Ryan was not to collect or receive any money for the sale of licenses or machines, but was to cause the same to be paid for by drafts on New York, drawn by the purchaser and payable to the defendant; and was not to make any bills, or contract any against the defendant, but was to pay all his own expenses, and receive for his services and expenses only the commissions provided for. The contract then provides as follows:—" The party of the second part (Ryan) is to be paid by the party of the first part (Parsons) a commission of fifty per cent. on mileage of railroad track in the territory of Asa S. Parsons; thirty-five per cent. on length of roadbed (miles) in the territory of the Sand-Blast File-Sharpening Company, and thirty-three and one third per cent. on mileage of track in

the territory of William A. Foster, from the proceeds of the sale of a license to a railroad company, within ten days after the party of the first part receives payment for the license sold and machine or machines furnished, which sum is to be payment in full for all services and expenses of the party of the second part under this agreement."

Acting under this agreement Ryan, on the 21st day of August, 1882, obtained a contract with the New York, Lake Erie & Western Railroad Company, and placed a machine in their works. That contract was between the railroad company and Parsons, and provided that the railroad company should pay to Parsons the sum of thirty-six hundred dollars, in three installments of twelve hundred dollars each, by draft on New York, payable to the order of Asa S. Parsons, in three, six and nine months after date.

The first installment was paid December 7th, 1882, and the percentage thereof due to Ryan was paid to him on the same day. The next day, December 8th, the second and third installments being unpaid, and no drafts having been given for them, the factorizing process was served.

The sole question in the case is, whether there was any debt due from Parsons to Ryan on that day. We think it is very clear that there was not. The contract carefully excludes any indebtedness before Parsons receives payment, or at least a draft on New York. We are not called upon to consider what would be the effect of his having received the drafts, as it is found that he had not received them. Ryan is " to receive for his services and expenses *only* the commissions hereinafter provided for," and those commissions are payable " from the proceeds of the sale of a license to a railroad company." Not only was the event prescribed on which alone the debt was to come into existence, but the very fund from which it is to be paid is definitely fixed by the contract. The payment to Parsons was a condition precedent to any liability. Until such payment there was no debt. It is unlike an existing debt which is liable to be defeated by a condition subsequent. The statute is, that " where a debt is due from any person to such

defendant," it may be attached by this process. Gen. Statutes, p. 397, sec. 2. The word " due " is not used in the restricted sense of *payable*, but it does import an existing obligation.

There is no error.

In this opinion the other judges concurred.