## JOYCE P. WILBER *v.* NEW HAVEN WATER COMPANY ET AL.*

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1054

Argued June 23, 1981 – decided January 8, 1982

*Thomas F. McDermott, Jr.,* for the appellant (defendant White-Bowman Plumbing & Heating, Inc.).

*Matthew G. Galligan,* for the appellee (plaintiff).

*Jean L. Welty,* for the appellee (defendant Edward A. Biafore).

*Barry D. Guliano,* for the appellee (defendant New Haven Water Company).

BIELUCH, J. This is a scire facias proceeding upon a foreign attachment or garnishment of money deposited and a cash bond posted previously with the

---

* On August 11, 1978, the trial court granted the motion of White-Bowman Plumbing & Heating, Inc. to be made a party defendant in this action. Thereafter, the court granted Edward A. Biafore's motion to be made a party defendant on March 11, 1980.

defendant New Haven Water Company (hereinafter Water Company) by the defendant Edward A. Biafore, a developer. The plaintiff, Joyce P. Wilber, and the defendant White-Bowman Plumbing & Heating, Inc. (hereinafter White-Bowman), both creditors of the defendant Biafore, severally garnisheed the combined sum of $5807.71, the amount of refund then due Biafore from the Water Company on the deposit and bond. The respective claims of these creditors under their several garnishments are in dispute.

The material facts may be stated as follows: On October 6, 1972, the defendant Biafore deposited $24,200 with the Water Company in accordance with an "advance for construction contract" to procure the extension of a water main. Pursuant to the rules, regulations and rates governing the extension of water mains, which were appended to this contract, the Water Company agreed to "refund to the DEPOSITER [sic] the sum of $126 for each ESTABLISHED customer connected by a service line directly to said EXTENSION" within ten years of the date of execution of the contract.

Three months later, on January 19, 1973, Biafore executed a cash bond agreement by which he posted $12,000 with the Water Company, guaranteeing construction of dwellings on twenty-four lots to be supplied with water from the street water mains within five years from the installation of taps and service lines. From this bond, $500 was to be released to Biafore for each properly installed residential connection.

On various dates between August 16, 1976, and January 22, 1979, the Water Company, in accordance with these two agreements, transferred on its records and held for Biafore's account a total of $5807.71. During this same period, the plaintiff and White-Bowman, by five separate foreign attachments, gar-

nisheed these funds held by the Water Company. Moreover, between the time of Wilber's only garnishment and the time of White-Bowman's last of four garnishments, Wilber served an execution upon the Water Company, claiming not only those funds which she previously garnisheed, but also those which accrued to Biafore's account between her garnishment and execution, including those sought by an intermediate garnishment of White-Bowman.

Apportioning the $5807.71 between the two creditors pursuant to the order of their respective attachments, the trial referee concluded that White-Bowman's garnishment on September 14, 1976 secured the amount of $126. Reasoning that the plaintiff "succeeded to all of the rights which Biafore had" to the sum which was "due and owing to Biafore when the garnishment was filed with the defendant Water Company in the suit by the plaintiff against Biafore," the referee allowed Wilber to recover the sum of $4929.71, failing to allocate the balance of $5807.71.

A foreign attachment captures only those funds due the debtor in the hands of the garnishee at the time of garnishment. Drake, Suits by Attachment (6th Ed.) p. 597, § 667. "A future liability is not attachable, for the conclusive reason, that it is not a debt due." *Fitch* v. *Waite*, 5 Conn. 117, 122 (1823). Funds subject to foreign attachment include all debts due from the garnishee to the defendant debtor at the time of garnishment. General Statutes § 52-329; *Calechman* v. *Great Atlantic & Pacific Tea Co.*, 120 Conn. 265, 270, 180 A. 450 (1935). Accordingly, funds then due and owing to a debtor at the date of garnishment, but payable in the future, are liened by a garnishment where the obligation to pay is (1) definite and absolute, and (2) not contingent on a future event. *Chambers* v. *Bickle Ford Sales, Inc.*, 313 F.2d 252, 259 (2d Cir. 1963); *Molloy* v. *Prudential Ins. Co. of America*, 129 Conn.

251, 253–54, 27 A.2d 387 (1942). Conversely, where an obligation to pay depends upon a condition precedent, a debt is not due and, therefore, not subject to garnishment. *Cunningham Lumber Co.* v. *New York, New Haven & Hartford R. Co.*, 77 Conn. 628, 631, 60 A. 107 (1905); *Sand-Blast File-Sharpening Co.* v. *Parsons*, 54 Conn. 310, 312–13, 7 A. 716 (1886).

A special consideration raised by the parties in this case is the effect of the service or levy upon the garnishee of a post-judgment execution seeking to lien debts that became due to the judgment debtor subsequent to a garnishment in the action. On April 5, 1978, the plaintiff served an execution upon the Water Company subsequent to garnishments by her and the defendant White-Bowman and prior to the third garnishment by White-Bowman. By this execution the plaintiff claims a prior lien superior to White-Bowman's subsequent garnishment. To this she is not entitled.

Her execution is limited by law to the avails of her prior garnishment. General Statutes § 52-381 provides that "[i]f judgment is rendered in favor of the plaintiff in any action by foreign attachment, all the effects in the hands of the garnishee *at the time of the attachment, or debts then due from him to the defendant* . . . shall be liable for the payment of such judgment." (Emphasis added.) Just as debts due a defendant subject to a condition precedent are not subject to garnishment, debts that become due to the defendant before judgment are not subject to be levied upon by execution against the garnishee unless previously liened by foreign attachment. *Hayes* v. *Weisman*, 97 Conn. 387, 398–99, 116 A. 878 (1922). Therefore, scire facias, an ancient writ of execution, may not be used to collect a debt owed to the judgment debtor "unless the debt has first been garnisheed." *Burchett* v. *Roncari*, 181 Conn. 125, 127, 434 A.2d 941 (1981).

The garnishments made against Biafore's funds held by the Water Company are best analyzed by reviewing their effect individually upon (a) the $24,200 cash deposit and (b) the $12,000 bond.

## A

The individual refunds of $126 from Biafore's $24,200 deposit with the Water Company were not payable to him until each house was connected by a service line to the water main extension. This being a condition precedent, a foreign attachment could secure only those refunds payable to the defendant Biafore at the time of garnishment. We find that White-Bowman's garnishment on September 14, 1976, liened from the $24,200 deposit the refunds then payable to Biafore for two water connections, or the sum of $252. Wilber's garnishment of January 4, 1977, secured from the $24,200 deposit the refunds then due and owing to Biafore for eight further connections, or the sum of $1008. White-Bowman's next garnishment of January 28, 1977, failed to secure any further deposit refunds, the plaintiff's prior garnishment having exhausted all refunds available to that time.

The further garnishment of the refund deposit by White-Bowman on June 20, 1977, captured the amount due for the water connection made on February 7, 1977, or the sum of $126. Finally, White-Bowman's garnishment on January 22, 1979, attached the amount then due and owing to Biafore for five additional connections, or the sum of $630.

In summary, of the deposit of $24,200 made to the Water Company for seriatim release upon water connection to the individual homes at $126 per home, the total sum of $1008 was attached by White-Bowman's garnishments up to January 22, 1979. Coincidentally, the same amount, $1008, was attached by Wilber's garnishment on January 4, 1977.

## B

By the provisions of the cash bond agreement, the Water Company was not under any obligation to make repayments to Biafore from the bond until it was satisfied, after inspection, that each residential connection had been properly installed. Therefore, because Biafore's receipt of each $500 repayment installment was subject to a condition precedent, repayments accruing after any garnishment could not be attached by either party except by later garnishment. Accordingly, we find that White-Bowman's garnishment of September 14, 1976, attached the sum of $500 then due and owing to Biafore under the bond agreement for one approved connection. Wilber's January 4, 1977, garnishment secured the sum of $2291.71, representing Biafore's proper installation of five additional connections, less a charge of $208.29 for curb box repairs. Although White-Bowman's garnishments on January 28, 1977, and June 20, 1977, captured none of these funds, its later garnishment of January 22, 1979, liened the sum of $1000 payable to Biafore for the proper installation of two more residential service lines.

In review, of the amounts payable to Biafore pursuant to the cash bond agreement, the sum of $1500 was attached by White-Bowman's garnishments of September 14, 1976, and January 22, 1979. Wilber's garnishment of January 4, 1977, attached the sum of $2291.71.

## C

To summarize, we find that White-Bowman's garnishment on September 14, 1976, secured, from the $126 refunds and the $500 repayments then payable to Biafore, the amount of $752; its garnishment of June 20, 1977, liened from the refund then due and held for Biafore the amount of $126; its final garnishment, dated January 22, 1979, captured from the

refunds and repayments then payable to Biafore, the amount of $1630. In total, White-Bowman's three garnishments secured the sum of $2508.

We further find that from the refunds and repayments payable to Biafore by the Water Company when Wilber filed her garnishment of January 4, 1977, she secured the amount of $3299.71.

## D

To the extent that the trial court failed to allocate the second $126 refund and the first $500 repayment due to Biafore on the date of White-Bowman's garnishment of September 14, 1976, we find error. Moreover, we hold that the award to Wilber of $1630, representing refunds and repayments which became due to Biafore between the date of White-Bowman's garnishment of June 20, 1977, and the levy of her execution after judgment, was erroneous.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover $3299.71 and for the defendant White-Bowman to recover $2508.

In this opinion SHEA and DALY, Js., concurred.