REID AND RIEGE, P.C. *v.* BRAINERD CASHMAN INSURANCE AGENCY, INC., ET AL.
(10238)

DALY, FOTI and LAVERY, Js.

Argued December 6, 1991—decision released February 11, 1992

*E. Timothy Sullivan, Jr.,* for the appellant (defendant Kwik Care).

*Mark H. Dean,* for the appellee (plaintiff).

FOTI, J. The plaintiff, a professional corporation, instituted this action seeking a judgment declaring that garnishments served on it by the defendant Kwik Care were ineffective and invalid. The defendant Kwik Care,[1] doing business as VIP Health Care, appeals from the judgment ordered by the court following its granting of the plaintiff's motion for summary judgment. The defendant claims that the court improperly found that there was no genuine issue as to any material fact and that the plaintiff was entitled to judgment as a matter of law. We reverse the judgment of the trial court.

The court found the following facts. On October 27, 1989, the commissioner of income maintenance approved a settlement agreement with Al-Charles, Inc. and entered a consent order. The agreement provided that

---

[1] The action was withdrawn as to the named defendant, Brainerd Cashman Insurance Agency, Inc. In this opinion, we refer to Kwik Care as the defendant.

the department of income maintenance would issue a $150,000 medicaid reimbursement check payable to Al-Charles, Inc., and Reid & Riege, P.C., attorneys for Albert D. Lizzi.[2] It further provided that Reid & Riege would endorse the check and turn it over to Lizzi *"in toto* as per an agreement between those two."[3] (Emphasis in original.)

On November 30, 1989, the defendant served an "order granting prejudgment remedy ex parte" on Reid & Riege, which sought to garnish to the value of $35,000 the property of Al-Charles, Inc., held by the plaintiff in the form of the medicaid reimbursement check payable to both Al-Charles, Inc., and the plaintiff. On December 7, 1989, the plaintiff received the check.

The court concluded that the settlement agreement, in and of itself, did not create a debt due from the plaintiff to Al-Charles, Inc. The court pointed out that the plaintiff did not receive the reimbursement check until December 7, 1989. Because the court found that delivery of the check was a condition precedent to the check's becoming a debt due, the court concluded that there was no debt due on November 30, 1989, the date of the attempted garnishment.

---

[2] During oral arguments, the plaintiff, through its counsel, Mark H. Dean, stated that it had never represented Al-Charles, Inc. The record, however, indicates otherwise. An affidavit by an assistant attorney general, Kenneth A. Graham, filed by the defendant in opposition to the plaintiff's motion for summary judgment, states that in the matter of *Al-Charles, Inc.* v. *State of Connecticut,* File No. 9876, Attorney Mark H. Dean on behalf of Reid & Riege, P.C., represented the corporation, and that Al-Charles, Inc. was the sole claimant in the matter. Further, attached to the affidavit as submitted to the court is a copy of a letter, dated August 2, 1988, from Dean to the claims commissioner indicating that the plaintiff represented the claimant Al-Charles, Inc., File No. 9876, and requesting that the commissioner refrain from taking any action on the claim for sixty days so that the plaintiff could review and more fully prepare the claim.

[3] We note that it is unclear in the record to whom "those two" refers.

In our analysis, we must first point out that this case is distinguishable from a case arising out of the attempted garnishment of a bank account wherein the funds sought to be garnished are not yet deposited. Here, it is not disputed that service of a writ of garnishment subjects to the claims of a creditor only a debt that is due to the underlying debtor at the time of the garnishment. *Hospital of St. Raphael* v. *New Haven Savings Bank,* 205 Conn. 604, 608, 534 A.2d 1189 (1987). The parties also agree that a creditor may garnish funds that are due and owing to a debtor at the time of service of the writ of garnishment, but payable in the future, if the obligation to pay is (1) definite and absolute, and (2) not contingent on a future event. *Wilber* v. *New Haven Water Co.,* 37 Conn. Sup. 877, 879–80, 441 A.2d 863 (1982). "A debt is owing and thus available for garnishment if the garnishee has an existing obligation to pay the debtor either in the present or the future." *F & W Welding Service, Inc.* v. *ADL Contracting Corporation,* 217 Conn. 507, 515, 587 A.2d 92 (1991). Such an obligation to pay in the future "exists" if the garnishee's liability to pay the obligation is certain. Id. The obligation is not rendered uncertain merely because the debt is unliquidated, or because it may be diminished or defeated by a condition subsequent. Id., 516.

Because the plaintiff's obligation to pay Al-Charles, Inc., or Lizzi originates in the contract of settlement, the validity of the defendant's garnishment depends on the nature of the obligation as defined by the terms of the agreement. See id., 517. "Whether the performance of a certain act by a party to a contract is a condition precedent to the duty of the other party to act depends on the intent of the parties as expressed in that contract and read in light of the circumstances surrounding the execution of the instrument." *Ravitch* v. *Stollman Poultry Farms, Inc.,* 165 Conn. 135, 149, 328

A.2d 711 (1973). It is axiomatic that the intent of the parties is a question of fact. Summary judgment is inappropriate where the inferences that the parties seek to have drawn concern questions of intent. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 376, 260 A.2d 596 (1969).

The plaintiff's position regarding Al-Charles, Inc., Lizzi and the department of income maintenance must be viewed in light of the intent of the parties. Such an issue raises a question of fact. The trial court must determine whether the settlement contract created a debt due by the plaintiff to Al-Charles, Inc., within the meaning of our law, and whether actual receipt of the check from the department was merely a condition subsequent, the failure of which could defeat an existing obligation, rather than a condition precedent to the obligation. See *Calechman* v. *Great Atlantic & Pacific Tea Co.,* 120 Conn. 265, 270, 180 A. 450 (1935). "The validity of a garnishment . . . must be determined not from hindsight, but by evaluating the status of the debt at the time of service of the writ of garnishment." *F & W Welding Service, Inc.* v. *ADL Contracting Corporation,* supra, 519. The trial court must determine the status of the debt at that time by interpreting the intent of the parties to the settlement agreement.

" ' "Summary judgment shall be rendered if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384." ' *Lomangino* v. *LaChance Farms, Inc.,* 17 Conn. App. 436, 438, 553 A.2d 197 (1989). The court's function is not to decide issues of material fact but instead simply to determine whether such issues exist." *DeMotses* v. *Leonard Schwartz Nissan, Inc.,* 22 Conn. App. 464, 466, 578 A.2d 144 (1990). In moving for summary judgment, the plaintiff has the burden of showing the nonexistence

of any material fact. *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980). Here, the defendant, in opposing summary judgment, substantiated its adverse claim by means of an affidavit and other exhibits demonstrating the existence of a disputed factual issue. Practice Book §§ 380 and 381; *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. *Nolan* v. *Borkowski,* 206 Conn. 495, 500, 538 A.2d 1031 (1988); *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984).

The defendant has established a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. *Multi-Service Contractors, Inc.* v. *Vernon,* 193 Conn. 446, 452, 477 A.2d 653 (1984).

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.