[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR RECONSIDERATION ARTICULATION (NO. 118)
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. CT Page 5035 Practice Book 380." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 505, 538 A.2d 1031
(1988); see also Reid Reige v. Brainerd Cashman Inc. Agency, Inc, 26 Conn. App. 580, 584, 602 A.2d 1051 (1992).
The moving party must prove that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Catz v. Rubenstein, 201 Conn. 39,48-49, 513 A.2d 98 (1986). "`Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue.'" (Citation omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, A.2d (1990). "`"Mere assertions of fact . . . are insufficient to establish the existence of a material fact, and therefore, cannot refute evidence properly presented to the court under Practice book 380."'" (Citation omitted.) Id., 579.
In opposition to the plaintiff's motion, the defendant argues that the plaintiff has failed to submit a copy of the Note. The defendant asserts that the only document disclosed by the plaintiff is a Retail Installment Contract. The Retail Installment Contract, however, incorporates the note.
A "note" is defined as "[a]n instrument containing an express and absolute promise of signer (i.e. maker) to pay to a specified person . . . a definite sum of money at a specified time." Black's Law Dictionary 1060 (6th Ed. 1992). A "promissory note" is defined as "[a] promise. . ., in writing, to pay a specified sum at a time therein stated, or on demand, . . . to a person therein named, . . . . A signed paper promising to pay another certain sum of money. Id., 1216. The Retail Installment Contract contains an express and absolute promise to pay the bank a certain sum of money at a specified time and therefore incorporates a note.
The defendant, in her supporting affidavit, attests to the fact that she never signed a promissory note in favor of the plaintiff. She did however sign the Retail Installment Contract and, thus signed the note incorporated therein. (See Lafayette Bank 
Trust Company v. Hall, Superior Court, Judicial District CT Page 5036 of Fairfield at Bridgeport No. CV92 028 87 43 (August 25, 1992).
Furthermore, the defendant claims, in her affidavit, that she did not receive the proceeds of the loan nor did she have possession or control of the vehicle referred to in the Retail Installment Contract. She admits that Dominic Polis, the co-maker of the note, had possession and control of the vehicle. Her claims are insufficient to raise an issue of material fact, however.
The motion for summary judgement is granted.
LEHENY, JUDGE