[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #106
In considering the subject Motion for Summary Judgment the following facts as alleged in the complaint have been considered. The plaintiff's husband, Frank Langston ["Langston"], was an employee of the defendant, Bridgeport Housing Authority [the "BHA"]. On November 12, 1988, Langston retired from the BHA. Langston died on July 15, 1989. Shortly thereafter, the plaintiff, Ella Langston, contacted Clarence Craig ["Craig"], an employee of BHA, regarding a life insurance policy maintained by BHA in the name of her husband. Craig informed the plaintiff that her husband was insured. However, on July 19, 1989, Craig informed her that her husband had not been insured. The plaintiff then contacted Paul Wallace the Staff Representative to the defendant, Bridgeport Housing Authority Supervisors, Local 818 of Council 4 AFSCME AFL-CIO [the "Local"], and was told to contact Willa Anderson, the union steward.
In November 1, 1989, the Local and BHA entered into a binding collective bargaining agreement [the "Agreement"] effective October 1, 1988 through September 30, 1992. On February 4, 1991, the plaintiff demanded that BHA pay the proceeds of the life insurance policy maintained in her husband's name in accordance with the terms of the Agreement. To date, however, BHA has refused to make payment.
As a result of BHA's refusal, the plaintiff filed a six-count complaint against the defendants, BHA; Rev. Sultan Stack, Carlos Garcia, Jerri Boyd, Leona Belcher and Kenneth Sullivan, commissioners of the BHA [the "Commissioners"]; the Local, and; AFSCME Council 4 AFL-CIO [the "Council"]. The first count is a breach of contract claim directed at the BHA and the Commissioners. The second count is a claim for breach of duty of fair representation as to the Local and the Council. The third count is a claim of negligent misrepresentation as to all defendants. The fourth count is based on a violation of the Connecticut Unfair Trade Practices Act ["CUTPA"] as to all defendants. The fifth count is a civil conspiracy cause of action directed at all defendants, and the sixth count is a claim of tortious interference with a contract directed at all of the defendants.
On August 19, 1991, the defendants, the Local and the Council, filed an answer and three special defenses, to which the plaintiff filed a reply on September 13, 1991. On September 20, 1991, the defendants BHA and the Commissioners, filed an answer and four special defenses, to which the plaintiff replied on October 18, 1991.
On January 27, 1992, the Local and the Council [hereinafter the "Moving Defendants"] filed a motion for summary judgment. In support of their motion for summary judgment, the moving CT Page 7762 defendants submitted a memorandum of law, a copy of the collective bargaining agreement, and a copy of an arbitration award dated July 10, 1991. On February 27, 1992, the plaintiff filed a memorandum in opposition along with an affidavit of Ella Langston and copies of the collective bargaining agreements in effect from October 1, 1982 through September 30, 1992.
As indicated, the moving defendants seek Summary Judgment relief.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 380." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 505, 538 A.2d 1031
(1988); see also Reid v. Reige v. Brainerd Cashman Ins. Agency, Inc., 26 Conn. App. 580, 584, 602 A.2d 1051 (1992).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" (Citation omitted.) Id.
Re: Second Count
The defendants move for summary judgment on the second count on the ground that the Union did not breach its duty of fair representation. The defendants argue that since the defendants pursued all remedies available to Mr. Langston under the labor agreement there was nothing more the Union should have done.
"A union must represent its members in good faith." Tedesco v. Stamford, 222 Conn. 233, 247, 610 A.2d 574 (1992), citing Airline Pilots Assn. International v. O'Neil,499 U.S. ___, 111 S.Ct. 1127 (1991) and Vaca v. Sipes, 386 U.S. 171,177, 87 S.Ct. 903 (1967). "[A] union breaches its duty of fair representation to an individual member only if the `union's conduct toward a member of the collective bargaining agreement CT Page 7763 is arbitrary, discriminating, or in bad faith.'" Genovese v. Gallo Wine Merchants, 226 Conn. 475, 488 n. 12,628 A.2d 475 (1993), quoting Vaca, supra, 190. "`A union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion. . . .'" (Emphasis added.) Tedesco, supra, 248, quoting Vaca, supra, 191.
In this instance, the fact that the defendants waited two years, until they were being sued, to process the grievance presents a question of fact as to whether the defendants pursued the grievance in a timely and aggressive fashion. Therefore, the motion for summary judgment as to the second count is denied.
Re: Third, Fifth and Sixth Counts
The defendants move for summary judgment as to the third, fifth and sixth counts on the ground that the defendants made no false representations to the plaintiff. The defendants assert that since the defendants' statements were found to be true, the defendant cannot be found guilty of making a false statement.
It appears that on May 30, 1991, the Council filed a grievance for expedited arbitration with the Connecticut State Board of Mediation and Arbitration regarding Mr. Langston's eligibility to receive insurance benefits. On July 10, 1991, the arbitrator rendered an award finding that Mr. Langston was not entitled to life insurance benefits under the collective bargaining agreement. The defendants argue that since the arbitrator found that Mr. Langston was not insured under the agreement, the defendants' statements that Mr. Langston was not insured were true.
"Ordinarily a factual determination made in final and binding arbitration is entitled to preclusive effect." (Citations omitted.) Genovese, supra, 483. However, in support of their motion for summary judgment, the defendants have submitted an uncertified copy of the arbitration award. Practice Book 380 provides, in pertinent part, that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." (Emphasis added.) Practice Book 380. "[U]ncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not CT Page 7764 constitute `proof' or `documentary evidence'." Langlais v. Guardian Life Insurance Co., 7 CTLR 34, 35 (July 7, 1992, Lewis, J.). Consequently, the arbitration award is not properly before the court, and, the motion for summary judgment as to the third, fifth and sixth counts must accordingly be denied.
Re: Fourth Count
The defendants move for summary judgment on the fourth count on the ground that the requirements of a CUTPA claim cannot be met.
 Connecticut courts, have the federal "cigarette rule," consider the following criteria to determine whether certain practices violate CUTPA: "`(1) whether the practice without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessman).'"
Krawiec v. Blake Manor Development Corp., 26 Conn. App. 601,607, 602 A.2d 1062 (1992), quoting FTC v. Sperry Hutchinson Co., 405 U.S. 233, 244-45 n. 5, 92 S.Ct. 898 (1972) and McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 567-68,473 A.2d 1185 (1984). "[W]hile in certain cases all three criteria set forth in the `cigarette rule' may be required to be satisfied, generally all need not be satisfied to support a finding of unfairness." Id., citing Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242, 520 A.2d 1008 (1987). "`A practice may be unfair because of the degree to which it meets one of the criteria.'" Id., quoting Atlantic Richfield Co., supra. "`Whether a practice is unfair and thus violates CUTPA is an issue of fact.'" Id., quoting DeMotses v. Leonard Schwartz Nissan, Inc., 22 Conn. App. 464, 466, 578 A.2d 144
(1990). CT Page 7765
Here the defendants merely assert, without more, that the "facts show that these criteria have not and cannot be established. . . ." (Defendants' Motion for Summary Judgment, p. 9). However, a question of fact does exist as to whether the defendants actions offended public policy, or were immoral, unethical or unscrupulous. For these reasons, the motion for summary judgment as to the fourth count is denied.
THE COURT
MAIOCCO, J.