[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The instant appeal is brought by the plaintiff, One CT Page 8290 Station Place Limited Partnership, pursuant to General Statutes 12-422.[1] The plaintiff constructed an office building, Metro Center, in Stamford, Connecticut, during 1986 and 1987. The plaintiff engaged the Tishman Construction Company ["Tishman"] and a number of nonresident contractors, including J. A. Valenti Electric Co. ["Valenti"], to construct the building. In 1990, during an audit of Tishman, the defendant determined that a number of the contractors, including Valenti, had failed to post a bond pursuant to General Statutes 12-430 (7) to cover sale and use tax liability.[2]
On July 17, 1991, and September 1, 1991, the defendant served the plaintiff with written notice of deficiency sales and use tax assessment for non-compliance with 12-430 (7).[3]
On November 10, 1991, the plaintiff filed a written petition for reassessment with the defendant. On November 19, 1991, the defendant conducted a hearing. Thereafter, on February 3 1992, the defendant issued an order reducing the original tax assessment.
On March 2, 1992, the plaintiff filed the present appeal and complaint, pursuant to General Statutes 12-422, contesting a determination under General Statutes 12-430 (7). On April 8, 1993, the defendant filed an answer to the plaintiff's complaint. On April 28, 1993, the plaintiff filed a motion for summary judgment. In support of its motion for summary judgment the plaintiff filed a memorandum of law in support thereof, a copy of defendant's responses to Interrogatories and Requests for Production dated September 14, 1992, an affidavit of Thomas Durels, vice-president of One Station Place Limited Partnership, invoices of J. A. Valenti, Co., Inc., and a letter from the defendant denying the plaintiff's appeal. On June 28, 1993, the defendant filed an objection to the plaintiff's motion for summary judgment. In support of its objection, the defendant submitted a memorandum of law, an affidavit of David Flynn, Revenue Examiner for the Connecticut Department of Revenue Services, and an affidavit of Hans Romaine, Tax Appellate Officer of the Connecticut Department of Revenue Services.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of CT Page 8291 law. Practice Book 380." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). Summary judgment is permitted in any administrative appeal which is enumerated in Practice Book 257(d), including appeals from the commissioner of revenue services. Practice Book 379, 257(d)(3).
"In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 505, 538 A.2d 1031 (1988); see also Reid Reige v. Brainerd Cashman Ins. Agency, Inc., 26 Conn. App. 580,584, 602 A.2d 1051 (1992). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associate,219 Conn. 772, 781, 595 A.2d 334 (1991). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" (Citation omitted.) Id.
The plaintiff first asserts that General Statutes 12-430 (7) applies only where a delinquency exists. The plaintiff argues that since there is no evidence that Valenti owes any sales or use tax, there can be no liability under 12-430 (7).
General Statutes 12-430 (7) provides, impertinent part, that
 any person dealing with a nonresident contractor without first obtaining a copy of such certificate from said commissioner . . . shall furnish said commissioner with a guarantee bond . . ., to secure payment of the tax payable with respect to such tangible personal property consumed or used pursuant to or carrying out of such contract . . . .
(Emphasis added.) General Statutes 12-430 (7)(b). The plaintiff argues that because the guarantee bond is given to secure payment of any sales or use tax, the plaintiff is not liable under 12-430 (7) until the defendant determines that there is unpaid sales or use taxes. The plaintiff asserts that since the defendant has admitted that "there is no outstanding delinquency assessment against" Valenti; (Plaintiff's Motion for Summary Judgment, Exhibit A, p. 6-7); there can be no liability against the plaintiff. CT Page 8292
Although it may be true that where the person dealing with the nonresident contractor furnishes a bond pursuant to12-430 (7)(b) a delinquency must be found before liability can attach, where such person does not comply with the bond requirements of subsection (b), subsection (c) applies. Subsection (c) provides, in relevant part, that "if any person dealing with such non resident contractor fails to comply with subdivision (b) of this subsection, such person shall be personally liable for payment of the tax imposed by this chapter . . . ." (Emphasis added.) General Statutes 12-430
(7)(c). Subsection (c) imposes tax liability on the person dealing with the nonresident contractor regardless of whether or not a delinquency exists.
The ultimate burden of the sales and use tax falls on the purchaser. (Citations omitted.) Hartford Parkview Associates Limited Partnership v. Groppo, 211 Conn. 246, 254,558 A.2d 993 (1989). Under General Statutes 12-411 (2) a purchaser's liability is not extinguished until the tax has been paid. The burden is on the plaintiff to show that the tax has been paid and not on the defendant to show that a tax is due. The plaintiff has submitted no evidence which shows that Valenti paid the use tax the defendant claims is due.
The plaintiff also argues that there is no statutory basis authorizing an assessment of interest and penalties against the plaintiff. Specifically, the plaintiff argues that 12-419 does not provide for the assessment of interest and penalties for the failure to post a bond. Assuming, arguendo, that 12-419 does not authorize the imposition of interest and penalties, the defendant has not assessed interest and penalties pursuant to 12-419. Rather, the defendant imposed interest and penalties pursuant to12-416. Section 12-416 provides for the imposition of a fifteen percent penalty and interest on the tax assessment and penalty. General Statutes 12-416 (1), (3).
Furthermore, the plaintiff's argument that there is no statutory authority for the imposition of interest and penalties does not address whether or not the plaintiff is liable for any unpaid taxes. Rather such an argument goes to the amount of taxes for which the plaintiff may ultimately be liable. CT Page 8293
The plaintiff further moves for summary judgment on the ground that the manner in which the defendant assessed the plaintiff's tax liability is not supported by any statutory or regulatory authority. Specifically, the plaintiff argues that the defendant simply assigned a value of forty percent of the contract value to materials used in the construction of the building. The plaintiff argues that there is no evidence that forty percent of the value of contracts actually involved tangible personal property. Again, such an argument does not show whether or not the plaintiff is ultimately liable for any tax but goes to the amount of tax for which the plaintiff would be liable.
Finally, the plaintiff argues that use tax liability cannot be placed upon the consumer. In support of its argument, the plaintiff relies on Connecticut State Regulations 12-426-22 (a), which provides, impertinent part, that "[o]ut-of-state retailers engaged in business in this state . . . must register with the Commissioner of Revenue Services and must collect the tax due from the purchaser . . . ." Conn. State Regs. 12-426-22 (a). The plaintiff, therefore, argues that the local consumer has no duty to assess use taxes due. However, as noted above, 12-430 (7)(c) imposes use tax liability on the "person dealing with" a nonresident contractor regardless of whether or not such person is a consumer. Use tax liability may be imposed on a consumer pursuant to 12-430 (7)(c).
We conclude that the plaintiff maybe liable for use tax; and, that a genuine issue of material fact exists as to the amount of use tax, if any, for which the plaintiff is liable. Accordingly, the plaintiff's motion for summary judgment is denied.
Mary R. Hennessey, Judge