[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action claiming that a disability insurance policy which it issued to the defendant should be rescinded because of misrepresentations made by the defendant in his application for the insurance. The defendant has moved for summary judgment in his favor on the complaint and on plaintiff's special defense to defendant's counterclaim, contending that the plaintiff cannot rescind the policy because it failed to give notice of intention to rescind within the two-year contestability period. This is disputed by the plaintiff.
The incontestability provision of the policy in question reads, "This policy will not be contested after it has been in force for two years from the date of issue." The stated date of issue in the policy is September 8, 1989. The plaintiff gave notice of its intent to seek rescission of the disability policy on August 22, 1991 and brought this action for judgment of rescission by serving the defendant on September 3, 1991, well within the two year contestability period.
The defendant contends, however, that the incontestability period began on August 5, 1989, which is identified in the disability policy as the "policy date." The defendant relies on a New York case, Guardian Life Insurance Company of America, Inc. v. Schaefer, 524 N.Y.S.2d 377 (Ct.App. 1987). In that case, the insurance policy bore an "effective date" of February 25, 1982 and a "date of issue" of December 4, 1981. The incontestability provision stated that the policy could not be contested after the policy had been "in force for two years." Neither the policy itself nor applicable statutes defined "in force." Because of the lack of definition of "in force," the court found that the policy was ambiguous and the ambiguity should be construed against the insurance company as the drafter of the policy language. The incontestability period was found to have begun on December 4, 1981, the "date of issue."
The Guardian case is clearly and easily distinguished from the facts of this case. The Northwestern policy at issue here contains no ambiguity as to when the incontestability period begins. Section 7.2 reads "This policy will not be contested after it has been in force for two years from the date of CT Page 8529 issue." (Emphasis added.) "Date of issue" is defined as September 8, 1989. The policy further provides in Section 7.7 entitled "DATES" that "this policy will take effect on the Date of Issue." There is no ambiguity whatsoever with respect to when the incontestability period began. It began on the Date of Issue, September 8, 1989, and, contrary to the defendant's claim, the plaintiff's claim for rescission was timely made.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 380." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 505, 538 A.2d 1031
(1988,); see also Reid Reige v. Brainerd Cashman Ins. Agency, Inc., 26 Conn. App. 580, 584, 602 A.2d 1051 (1992).
The defendant has not shown that he is entitled to judgment as a matter of law. His motion for summary judgment is denied.
CHRISTINE S. VERTEFEUILLE, JUDGE OF THE SUPERIOR COURT