[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court on plaintiff's Motion for Partial Summary Judgment.
The pleadings show that the action arises out of two separate promissory notes executed by the defendant, Stonington Vineyards, Inc. ("SVI"), as maker, and the defendants, Cornelius and Harriet Smith (the "Smiths"), as guarantors, in favor of the Connecticut National Bank ("CNB").
On December 30, 1986, the defendants executed a promissory note ("Note 1"), promising to pay CNB $400,000.00 plus interest. To secure the note, SVI gave CNB a mortgage ("Mortgage 1") on the real property, including any buildings and improvements thereon, located in Stonington, Connecticut. On October 6, 1988, the defendants executed a second promissory note ("Note 2")in the amount of $250,000.00 plus interest. SVI gave CNB a second mortgage ("Mortgage 2") on the property to secure Note 2. Thereafter, the defendants defaulted on both Note 1 and Note 2. In accordance with the notes, the plaintiff accelerated the amounts due under the notes and demanded payment in full. The defendants, however, have failed to pay the notes in full. CT Page 1057
On July 12, 1993, the plaintiff, Shawmut Bank n/k/a CNB[1]
current owner and holder of the notes and mortgages, filed a two-count complaint against the defendants. The first count seeks to foreclose on Mortgage 1 securing Note 1. The second count seeks to foreclose on Mortgage 2 which secures Note 2. On August 20, 1993, each defendant filed an answer.
On October 21, 1993, the plaintiff filed this motion for partial summary judgment. In support of its motion for partial summary judgment, the plaintiff submitted a memorandum of law and an affidavit of Michael Haines, Vice President of Shawmut Bank, which incorporates copies of Note 1, Mortgage 1, Note 2 and Mortgage 2.
On December 2, 1993, the defendants filed an objection to the plaintiff's motion for partial summary judgment, along with a memorandum of law and an affidavit of Cornelius Smith. At the same time, the defendants also filed a request for leave to amend their answers by including seven special defenses alleging: breach of the plaintiff's duty of good faith; unclean hands; an offset for damages due as a result of violations of the Connecticut Unfair Trade Practices Act ("CUTPA"); promissory estoppel; statute of frauds; that the guarantees are void and unenforceable because the defendants were induced to execute such guarantees without knowledge of, or the opportunity to acquire knowledge of, the character or essential terms of the guarantees, and; that the plaintiff's reliance on the alleged guarantees was unreasonable and that it is not "reasonable to impose guarantor liability on the defendants in light of all the circumstances . . . and said defendants' implicit revocation of [the guarantees]." (Defendants' Amended Answer, Seventh Special Defense). The defendants also requested leave to amend their answers to include a four-count counterclaim alleging promissory estoppel, tortious interference with contractual relations, violations of CUTPA, and breach of the implied covenant of good faith and fair dealing. Since the plaintiff has not filed an objection within 15 days of the filing of defendants' request to amend, the amendment is deemed to have been filed with the plaintiff's consent, and the amended answer, including the special defenses and counterclaim, is the operative answer. See Practice Book 176.
"Summary judgment is a method of resolving litigation when pleadings, affidavits and any other proof submitted show CT Page 1058 that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 380." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 505, 538, A.2d 1031 (1988); see also Reid Reige v. Brainerd Cashman Ins. Agency, Inc., 26 Conn. App. 580, 584, 602 A.2d 1051
(1992).
"The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact." Nolan v. Borkowski, supra, 500, citing Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). To meet this burden, "`[t]he movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . .'" State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988), quoting Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" (Citation omitted.) Id.
In support of its motion for summary judgment, the plaintiff has submitted copies of the notes and mortgages. The plaintiff has also submitted an affidavit of Michael Haines, the Vice-President of Shawmut Bank, which evidences that the defendants are in default of both Note 1 and Note 2, the plaintiff has accelerated the amount due under the notes, the plaintiff has demanded payment in full, and the defendants have failed to pay the notes in full. The plaintiff, therefore, argues that since there are no genuine issues of material fact as to the existence of the notes and mortgages and the defendants' default thereof, it is entitled to judgment as a matter of law.
The defendant's, however, have asserted several special defenses which allege, inter alia, a breach of the plaintiff's duty of good faith and promissory estoppel. The affidavit of CT Page 1059 Mr. Smith raises factual issues relating to the question of default (paragraph 6) and other questions relating to the defenses (paragraph 9). The court finds that a genuine issue of material fact exists as to whether the plaintiff has breached its duty of good faith and whether the plaintiff is estopped from foreclosing on the subject due to the plaintiff's alleged promises to enter into a restructuring agreement with the defendants. The plaintiff has failed to meet its burden of showing that there is no genuine issue of material fact. Accordingly, the plaintiff's motion for partial summary judgment is denied.
Leuba, J.