[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Giuseppi Melaragno, has filed a motion for summary judgment on the issue of liability. The plaintiff's complaint alleges that the defendant entered the plaintiff's property and assaulted the plaintiff by striking him in the jaw. In support of the motion for summary judgment, the plaintiff attaches a memorandum of law and a certified copy of the defendant's deposition. In the deposition, the defendant admits that he struck the plaintiff and that his carelessness was the cause of the plaintiff being struck in the jaw. The defendant has not opposed the motion for summary judgment.
Summary judgment shall be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Farmington v. Dowling, 26 Conn. App. 545,548-49, 602 A.2d 1047 (1992). "In any action . . . any party may move for a summary judgment." Practice Book 379. Furthermore, an interlocutory summary judgment can be granted on the issue of liability alone even though there may be a genuine issue of material fact as to damages. Practice Book 385; Altieri v. Nanavati,42 Conn. Sup. 317, 319, 573 A.2d 359 (1990). "A motion for summary judgment shall be supported by such documents as may be appropriate, including . . . affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice CT Page 2139 Book 380. "In opposing summary judgment [the nonmovant must substantiate] its adverse claim by means of an affidavit and other exhibits demonstrating the existence of a disputed factual issue." Reid and Riege v. Brainerd Cashman Ins. Agency, Inc., 26 Conn. App. 580, 585,602 A.2d 1051 (1992). Failure of the nommoving [nonmoving] party to controvert by affidavit or otherwise any of the facts set forth by the moving party, entitles the court to rely on those facts as stated. Fogarty v. Rashaw, 193 Conn. 442,444-45, 476 A.2d 582 (1984).
In the present case, the defendant did not file an affidavit or an opposing memorandum of law to raise a question of fact over the issue of liability. While issues of negligence are ordinarily not susceptible of summary adjudication, there is no evidence before the court to indicate any cause of the plaintiff's injuries other than the defendant's carelessness.
Accordingly, the plaintiff's motion for summary judgment as to the defendant's liability is granted.
PICKETT, J.