[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Homeowner's Mortgage Co., filed a complaint on June 5th, 1990, seeking to foreclose on a second mortgage in the amount of $29,000.00 from the defendant, Marjorie C. Bennett. In her answer, dated August 8, 1991, the defendant raises two special defenses. She asserts that she was not the owner of the premises conveyed under the terms of the mortgage and that she was without authority to execute the mortgage.
The plaintiff has filed a motion for summary judgment on the ground that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. In support of the motion, the plaintiff attaches a memorandum of law and two affidavits with attachments. The defendant has not opposed the motion for summary judgment.
Summary judgment shall be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Farmington v. Dowling, 26 Conn. App. 545,548-49, 602 A.2d 1047 (1992). "A motion for summary judgment shall be supported by such documents as may be appropriate, including . . . affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. "In opposing summary judgment, [the nonmovant must substantiate] its adverse claim by means of an affidavit and other exhibits demonstrating the existence of a disputed factual issue." Reid and Riege v. Brainerd Cashman Ins. Agency, Inc., 26 Conn. App. 580, CT Page 2475 585, 602 A.2d 1051 (1992). Failure of the nonmoving party to controvert by affidavit or otherwise any of the facts set forth by the moving party, entitles the court to rely on those facts as stated. Fogarty v. Rashaw, 193 Conn. 442, 444-45, 476 A.2d 582
(1984).
The plaintiff attaches the affidavit of Donna M. Ferro, an attorney who practices in the area of probate law. Ferro avers that she has examined the records of the Probate Court in Woodbury with respect to the estate of Dwight F. Bennett, the deceased husband of the defendant. Ferro states that Dwight Bennett died on December 4, 1975 and that the defendant made application for administration or for probate of his will on December 9, 1975. Ferro avers further that pursuant to General Statutes 45-273, all right, title and interest of the decedent, including the subject premises, passed to the defendant.
The plaintiff submits further the affidavit of Frances MacBeth, an account officer of Consolidated Asset Recovery Corporation. She avers that the defendant was indebted to the plaintiff by reason of a promissory note and that the note is currently in default.
The defendant did not file an affidavit or an opposing memorandum of law to contest her debt or to raise a question of fact as to her authority to execute a mortgage on the subject premises. Accordingly, there is no evidence before the court to indicate that the defendant was not the sole holder of all interest in the subject property.
For the foregoing reason, the plaintiff's motion for summary judgment is granted.
PICKETT, J.